IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRUM & FORSTER SPECIALTY<br>INSURANCE COMPANY<br><br>    PLAINTIFF,<br><br>v.<br><br>JP FRAMING CONTRACTORS, LLC,<br>JOSE PAITA, AND MARTIN<br>HERNANDEZ JUAREZ,<br><br>    DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:24-CV-1345 |

_____

### ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
_____

Plaintiff Crum & Forster Specialty Insurance Company ("CFSIC") files this Original Complaint for Declaratory Judgment against Defendants JP Framing Contractors LLC ("JP Framing"), Jose Paita ("Paita"), and Martin Hernandez Juarez ("Juarez") (collectively, "Defendants") seeking a declaration that it does not owe JP Framing or Paita a duty to defend or indemnify them against the claims asserted by Juarez in a lawsuit styled *Martin Hernandez Juarez v. Perry Homes, LLC, et al.,* Cause No. 2022-69551, in the 269th Judicial District Court of Harris County, Texas (the "Underlying Lawsuit"). CFSIC respectfully shows as follows:

## I.
## PARTIES

1.      CFSIC is a corporation duly organized and existing under the laws of the State of Delaware, with its statutory home office in Morristown, New Jersey.

2.      Upon information and belief, JP Framing is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Bastrop, Texas. Upon information and belief, Jose Paita is the sole member of JP Framing. On February 23, 2024, the

Texas Secretary of State issued a notice of forfeiture for JP Framing under Section 171.309 of the Texas Tax Code. JP Framing may be served with process via with its registered agent and its sole member, Jose Paita, at 4629 Chateau Village Way, Austin, Texas 78744, or wherever Paita may be found.

3. Upon information and belief, Jose Paita is a citizen of the State of Texas residing in Austin, Texas. Mr. Paita may be served with process at 4629 Chateau Village Way, Austin, Texas 78744, or wherever he may be found.

4. Upon information and belief, Martin Hernandez Juarez is a citizen of the State of Texas residing in Travis County, Texas. Mr. Juarez may be served with process at 9300 Northgate Boulevard, Austin, Texas  78758-4879, or wherever he may be found.

## II.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

6. In addition, this Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because CFSIC and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interests and costs. CFSIC is a citizen of the States of Delaware and New Jersey, and the Defendants are citizens of the State of Texas. Furthermore, CFSIC issued a commercial general liability policy to JP Framing with limits of insurance of $1 million per occurrence. Juarez alleges in the Underlying Lawsuit that he seeks monetary relief in excess of $1 million.

7. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because JP Framing maintains its principal place of business in Bastrop, Texas. Paita and Juarez reside in Travis County, Texas. Additionally, the incident giving to the Underlying Lawsuit took place in Williamson County, Texas.

## III.
## FACTUAL BACKGROUND

A.    A SUMMARY OF THE UNDERLYING LAWSUIT

8.    Juarez is the plaintiff in the Underlying Lawsuit. The instant coverage dispute arises out of a construction project, wherein Juarez allegedly suffered injuries on April 11, 2022.

9.    The following factual allegations are taken from the Juarez's First Amended Petition[1] filed on April 11, 2024. Juarez has sued JP Framing, Paita (misidentified as "Tapia"), and Perry Homes, LLC. Juarez alleges that he was working at a jobsite located at or around 100 Ashmore Lane in Georgetown, Texas. Juarez alleges that he was working at an elevated level and fell from a significant height while working under the operational direction and control of one or all of the Defendants. Juarez alleges that the defendants were in control of the jobsite and had contractual or actual control of the site and the job.

10.    Juarez has alleged that he was working for or employed by JP Framing in other pleadings subsequently filed in the Underlying Lawsuit. For example, in Juarez's Verified Motion for Continuance and Response to Motion for Summary Judgment filed on July 26, 2024 ("Verified Motion"), Juarez's counsel stated that "Plaintiff worked for Defendant JP Framing at the time of the incident". Verified Motion at ¶ 4. Juarez's counsel likewise explained that Juarez could not respond to Perry Homes' motion for summary judgment because "Plaintiff will also need to take depositions of Mr. Paita, Plaintiff's employer who has not filed an answer to this suit, and Felix Martinez, the area supervisor for JP Framing at the time of the incident and the person who was the primary contact for Perry Homes." Verified Motion at ¶ 6.

11.    On September 12, 2024, Paita was deposed in the Underlying Lawsuit. In his deposition, Paita testified that Juarez was not an employee of JP Framing. Paita testified that he

---

[1] A copy of the First Amended Petition is attached as Exhibit "A".

_____

had subcontracted the work on the jobsite to Juan Antonio Munoz ("Munoz") and that Juarez was working for Munoz when he was injured. Paita also testified that JP Framing does not have any employees. JP Framing subcontracts all of its work to others.

12. CFSIC agreed to defend Paita and JP Framing, subject to a full and complete reservation of rights.

13. CFSIC agreed to defend Perry Homes as an additional insured, subject to a full and complete reservation of rights. However, on October 11, 2024, Juarez non-suited his claims against Perry Homes. Accordingly, Perry Homes is not a necessary party to this declaratory judgment complaint.

**B.    A SUMMARY OF THE POLICY**

14. CFSIC issued Policy No. GLO-075580 ("the Policy") to JP Framing for the policy period of April 14, 2021 to April 14, 2022 with a $1 million Each Occurrence Limit and a $2 million General Aggregate Limit. Paita is an insured under the Policy, but only with respect to the conduct of JP Framing's business.

15. The Policy contains two policy provisions that are pertinent to this coverage dispute. The first provision is contained in Paragraph 2.e. of Section I – Coverages – Coverage A – Bodily Injury and Property Damage Liability and is captioned "Employer's Liability". Exclusion 2.e., the "Employer's Liability Exclusion", states in relevant part as follows:

> **2.    Exclusions**
>
> This insurance does not apply to:
>
> *      *      *
>
> **e.    Employer's Liability**
>
> "Bodily injury" to:
>
> **(1)** An "employee" of the insured arising out of and in the course of:

>>   **(a)** Employment by the insured; or
>>
>>   **(b)** Performing duties related to the conduct of the insured's business; or
>
> **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".

16.  The second provision is contained in an endorsement captioned "Exclusion – Bodily Injury to Workers Other Than Employees With Conditional Exception" [CFSIC-GL-2885 (10/2019)] ("Workers Exclusion Endorsement"). The Workers Exclusion Endorsement states in relevant part as follows:

> **EXCLUSION - BODILY INJURY TO WORKERS OTHER THAN EMPLOYEES WITH EXCEPTION FOR LIABILITY ASSUMED BY AN INSURED CONTRACT**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
>
> **A.** Under **SECTION V - DEFINITIONS:**
>
>   **1.** Definition 5. "Employee" is deleted and replaced with the following:
>
>   "Employee" means any person that:
>
>   **a.** Performs part or all of "your work" or performs duties of any kind or nature whatsoever related to the conduct of your business; and
>
>   **b.** Has authorized the insured to:
>
>   i.   Withhold federal income taxes;
>   ii.  Withhold and pay Social Security and Medicare taxes; and
>   iii. Pay unemployment tax
>
>   on wages paid to the "employee."

2. Definition 10. "Leased worker" and definition 19. "Temporary worker" are deleted.

3. The following definition is added:

   "Worker" means any person that:

   a. Performs part or all of "your work" or performs duties of any kind or nature whatsoever related to the conduct of your business; and

   b. Is not an "employee" of the insured under this policy.

   "Worker" includes a "volunteer worker."

B. The following additional exclusion applies under paragraph **2.** Exclusions of **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

This insurance does not apply to "bodily injury" to:

1. Any "worker" arising out of:

   a. Work or operations performed directly or indirectly on behalf of any insured; or

   b. Duties performed related to the conduct of any insured's business; or

2. The spouse, child, parent, brother, sister or registered domestic partner of any such "worker" as a consequence of paragraph 1. above.

We will have no duty to defend any insured, including any additional insured, against any "suit" involving such "bodily injury." This exclusion also applies to any obligation to share damages with, repay, or indemnify someone else who must pay damages because of such "bodily injury."

This exclusion shall be effective regardless of whether the liability or obligation is asserted directly or indirectly against any insured as an employer, contractor, subcontractor, third party defendant, or in any other capacity.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

17.  Juarez has alleged sufficient facts in his First Amended Petition to show that he was performing part or all of JP Framing's work or Paita's work and/or performing duties of any kind

whatsoever related to the conduct of the business of JP Framing and/or Paita, for purposes of the definition of an "employee" under the Policy.

18. Juarez has alleged sufficient facts in the First Amended Petition to show that he was performing part or all of the work of JP Framing and/or Paita and/or performing duties of any kind or nature whatsoever related to the conduct of business of JP Framing and/or Paita, for purposes of the definition of a "worker" under the Policy.

19. The First Amended Petition is silent as to facts indicating whether JP Framing and/or Paita had been authorized to withhold federal income taxes for Juarez, to withhold and pay Social Security and Medicare taxes for Juarez, or to pay unemployment tax for Juarez.

20. If JP Framing or Paita had been authorized to withhold federal income taxes for Juarez, to withhold and pay Social Security and Medicare taxes for Juarez, or to pay unemployment tax for Juarez, then Juarez would be deemed to be an "employee" of JP Framing under the Policy.

21. However, if neither J.P. Framing nor Paita were authorized to withhold federal income taxes for Juarez, to withhold and pay Social Security and Medicare taxes for Juarez, or to pay unemployment tax for Juarez, then Juarez would be deemed to be a "worker" under the Policy for both J.P. Framing and Paita.

### IV.
### DECLARATORY RELIEF AS TO THE DUTY TO DEFEND

22. CFSIC re-alleges and incorporates by reference paragraphs 1–21.

23. An actual controversy of a justiciable nature presently exists between CFSIC, JP Framing, and Paita concerning the rights and obligations under the Policy with respect to the duty to defend JP Framing and Paita against the claims asserted by Juarez in the Underlying Lawsuit.

24. Upon information and belief, CFSIC alleges that Juarez was either an "employee" of JP Framing and Paita, or a "worker" for JP Framing and Paita. In either event, CFSIC contends

that it has no present duty to defend JP Framing and Paita against the claims asserted by Juarez in the Underlying Lawsuit.

25. Therefore, CFSIC seeks a judicial determination that it has no duty to defend JP Framing and Paita against the claims asserted by Juarez in the Underlying Lawsuit.

## V.
## DECLARATORY RELIEF AS TO THE DUTY TO INDEMNIFY

26. CFSIC re-alleges and incorporates by reference paragraphs 1–25.

27. An insured's duty to indemnify "is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

28. An actual controversy of a justiciable nature presently exists between CFSIC, JP Framing, and Paita concerning the rights and obligations under the Policy with respect to the duty to indemnify JP Framing and Paita against the claims asserted by Juarez in the Underlying Lawsuit.

29. Upon information and belief, CFSIC alleges that Juarez was either an "employee" of JP Framing and Paita, or a "worker" for JP Framing and Paita. In either event, CFSIC contends that it will have no duty to indemnify JP Framing and Paita against the claims asserted by Juarez in the Underlying Lawsuit.

30. Although Juarez's claims against JP Framing and Paita in the Underlying Lawsuit have not been finally adjudicated, Juarez is a necessary party to this declaratory judgment lawsuit because the outcome of this declaratory judgment lawsuit may affect his rights under the Policy with respect to his claims against JP Framing and Paita.

## VI.
## <u>JURY TRIAL</u>

31. Pursuant to Federal Rule of Civil Procedure 38, CFSIC requests a jury trial on all issues so triable.

## VII.
## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Crum & Forster Specialty Insurance Company prays:

1. That the Court issue a declaration that CFSIC has no duty to defend JP Framing Contractors, LLC or Jose Paita under the Policy against the claims asserted in the Underlying Lawsuit;

2. That the Court issue a declaration that CFSIC has no duty to indemnify JP Framing Contractors, LLC or Jose Paita under the Policy against the claims asserted in the Underlying Lawsuit;

3. Award CFSIC all other relief to which it may be entitled, including, but not limited to its attorney fees, costs, and expenses.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By: */s/ Rodrigo "Diego" Garcia, Jr.*
RODRIGO "DIEGO" GARCIA, JR.
State Bar No. 00793778; DC 057499
dgarcia@thompsoncoe.com
CHRISTINA A. CULVER
State Bar No.  24078388
cculver@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, TX 77027
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**ATTORNEYS FOR PLAINTIFF
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY**